**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JOAN ELLOIE** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-9944** |
| **TRAVELERS INSURANCE COMPANY, ET AL.** | * | **SECTION "L"(1)** |

**ORDER & REASONS**

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 5).  For the following

reasons, the Plaintiff's motion is now DENIED.

**I.      BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff's property

located at 7337 Brevard Avenue in New Orleans, Louisiana, which suffered damage as a result

of Hurricane Katrina.  The Defendants in this case are The Standard Fire Insurance Company

("Standard"),[1] the Plaintiff's homeowner's insurance carrier, and Harry Kelleher, an insurance

agent.[2]  In her petition, the Plaintiff alleges that she is domiciled in Texas.  Standard is a citizen

of Connecticut and Kelleher is a citizen of Louisiana.  The Plaintiff's policy has coverage limits

of $121,000 for dwelling, $12,100 for other structures, $84,700 for personal property, and

$24,200 for additional expenses.

In August of 2006, the Plaintiff filed the present action in the Civil District Court for the

---

[1]  The Defendant was improperly named as Travelers Insurance Company in the petition.

[2]  The Plaintiff also named AAA Contractor Service ("AAA") as a "nominee" defendant.
For purposes of removal, however, "the citizenship of defendants sued under fictitious names
shall be disregarded."  28 U.S.C. § 1441(a).

Parish of Orleans, State of Louisiana.  The Plaintiff alleges that she is entitled to payment from

Standard for damages and losses to the property, in addition to bad-faith penalties under

Louisiana law and damages for emotional distress.  The Plaintiff also alleges that Kelleher

negligently failed to advise her and failed to procure adequate insurance coverage.

Standard removed this case to federal court on November 14, 2006, contending that this

Court has jurisdiction under either of the following provisions:  (1) diversity jurisdiction under

28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds

$75,000; or (2) the MultiParty, MultiForum Trial Jurisdiction Act pursuant to 28 U.S.C. § 1369.

On December 6, 2006, the Plaintiff filed the instant motion to remand.

## II.    LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists

and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th

Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of

remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed,

"doubts regarding whether removal jurisdiction is proper should be resolved against federal

jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all

disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v.*

*Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Standard contends that this Court has diversity jurisdiction over this case because

complete diversity exists between the Plaintiff and the Defendants, and the amount in

controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  The Plaintiff argues that complete

diversity does not exist because her property is located in Louisiana, and Kelleher is also a

citizen of Louisiana.  However, the location of the Plaintiff's property is irrelevant.  It is her

domicile and, thus, her citizenship that must control the Court's jurisdictional analysis.

Accordingly, the Court finds that complete diversity exists in this case.

The uncertainty regarding the amount in controversy arises in this case because

"Louisiana prohibits plaintiffs from claiming a specific dollar amount of damages."  *Felton v.*

*Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).  In this Circuit, "[w]hen the plaintiff's

complaint does not allege a specific amount of damages, the defendant must prove by a

preponderance of the evidence that the amount in controversy" is sufficient to meet the statutory

requirements.  *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  The defendant satisfies

its burden by either (1) "demonstrating that it is 'facially apparent' that the claims are likely

above $75,000," or (2) "setting forth facts in controversy–preferably in the removal petition, but

sometimes by affidavit–that support the finding of the requisite amount."  *Simon v. Wal-Mart*

*Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted).

"Because Louisiana plaintiffs are not limited to recovery of the damages requested in

their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess

of $75,000 for his pre-removal state court pleadings and stipulations to bind him."  *Davis v. State*

*Farm Fire & Cas.*, Nos. 06-560, et al., 2006 WL 1581272, at *2 (E.D. La. June 7, 2006).  In this

case, the Plaintiff has not made such a binding stipulation in her petition.  Considering the limits

of the Plaintiff's policy and her claims for bad-faith penalties and damages for emotional

distress, the Court finds that the Defendant has demonstrated that the amount in controversy

exceeds $75,000.  Accordingly, the Court finds that diversity jurisdiction exists in this case.[3]

**III.     CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand is

DENIED.

New Orleans, Louisiana, this __16th__ day of __March__, 2007.

                                                UNITED STATES DISTRICT JUDGE

---

[3] While the Court need not consider whether federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369, the Court notes that, in this case, it does not. *See, e.g., Case v. ANPAC La. Ins. Co.*, 466 F. Supp. 2d 781, 788-98 (E.D. La. 2006); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006).